IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JAMES DOUGLAS SMITH,

    Plaintiff,

vs.                                    No. 2:14-cv-2685-JDT-dkv

SHELBY COUNTY, et al.,

    Defendants.

ORDER FOR TEMPORARY STAY OF ADDITIONAL MOTIONS
DENYING INJUNCTIVE RELIEF (ECF Nos. 5, 6, 7, 9, & 10)
DENYING MOTIONS FOR SUBPOENAS (ECF Nos. 16, 17, 18, 23, 26, 27, 28, & 29)
DENYING MOTIONS FOR TRANSFER (ECF Nos.24, 29, & 31)

        On September 4, 2014, Plaintiff James Douglas Smith ("Smith"), an inmate at Shelby County Criminal Justice Center ("Jail"), Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On September 5, 2014, Smith filed an Amended Complaint. (ECF No. 4.) On September 5, 2014, an order was issued by this Court directing Smith to file *in forma pauperis* or pay the filing fee. (ECF No. 5.) On September 16, 2015, Smith filed a motion to proceed *in forma pauperis*. (ECF No. 11.) In an order issued September 17, 2014, The Court granted leave to proceed *in forma pauperis*, assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b).

        Since Smith was granted *in forma pauperis* status, he has filed numerous motions. The Court now Orders Smith to halt the filing of any additional motions until the Court has screened his Complaint and entered a scheduling order.

I. MOTIONS FOR INJUNCTIVE RELIEF (ECF Nos. 5 7 & 9-10)

Smith has filed a number of motions for injunctive relief  In determining whether to issue a temporary restraining order or preliminary injunction, a district court must consider the following four factors: "(1) whether the claimant has demonstrated a strong likelihood of success on the merits, (2) whether the claimant will suffer irreparable injury in the absence of a stay, (3) whether granting the stay will cause substantial harm to others, and (4) whether the public interest is best served by granting the stay." *Workman v. Bredesen*, 486 F.3d 896, 905 (6th Cir. 2007); *see also Ne. Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (same). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) ("the proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion").

Smith's multiple motions for injunctive relief state a claim the claims are conclusory and fail to address any of the four factors outlined in *Bredesen*.  Further, Smith routinely uses the requests for injunctive relief in an attempt to modify his complaint or request evidence.

Smith Motions for Injunctive Relief (ECF Nos. 5-7 and 9-10) are DENIED

      II      MOTION FOR SUBPOENAS (ECF No. 16-18, 23 & 26-29)

Smith has filed a number of motions for subpoenas, either by title or content.  All motions are DENIED as premature and for Smith's failure to comply with the Federal Rules governing discovery.

### III. MOTION FOR TRANSFER (ECF Nos. 24, 29, & 31)

Smith has filed a number of motions for transfer, either by title or content. An inmate does not have a protected right to be housed in a particular institution or cell. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 224; *Montanye v. Haymes*, 427 U.S. 236, 243 (1876). No constitutional or statutory authority exists for this court to direct the Jail to transfer Smith to another jail or a "penal farm." All motions are DENIED.

IT IS SO ORDERED this __9th____ day of September, 2015.

                                            **s/James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE