UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JAMES DOUGLAS SMITH,

    Plaintiff,

vs.                                                             No. 2:14-cv-2685-JDT-dkv

SHELBY COUNTY, et al.,

    Defendants.

ORDER STRIKING AMENDED COMPLAINTS AT ECF NOS. 19, 21, 22 & 30.
ORDER OF PARTIAL DISMISSAL FOR CLAIMS AGAINST DEFENDANTS
SHELBY COUNTY DISTRICT, SHERIFF BILL OLDHAM, OFFICER LEE,
OFFICER LOCKETT, OFFICER GREENLEAF, OFFICER BOYLAND, OFFICER
BROADNEX, OFFICER R.B. FORD, OFFICER PHILLIPS, OFFICER BROADNAX,
SERGEANT HARRIS, COMFORT CARE SOLUTIONS, AND DR. FNU WEBB.
ORDER DENYING MOTION TO ASCERTAIN STATUS,
AND ORDER DIRECTING THAT PROCESS BE ISSUED AND SERVED ON
DEFENDANTS HEARD, LEE, AND JONES

On September 4, 2014, Plaintiff James Douglas Smith ("Smith"), an inmate at Shelby County Criminal Justice Center, Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) On September 5, 2014, Smith filed an Amended Complaint. (ECF No. 4.) On September 5, 2014, an order was issued by this Court directing Smith to file *in forma pauperis* or pay the filing fee. (ECF No. 3.) On September 16, 2015, Smith filed a motion to proceed *in forma pauperis*. (ECF No. 11.) In an order issued September 17, 2014, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act of 1999 ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 12.) The Clerk

shall record the Defendants as Shelby County,[1] Sheriff Bill Oldham,[2] Officers First Name Unknown ("FNU") Heard, FNU Lee, FNU Jones, FNU Lockett, FNU Greenleaf, FNU Boyland, FNU Broadnax, R.B. Ford, FNU Phillips, FNU Broadnax, Sergeant ("Sgt.") Harris, Comfort Care Solutions ("CCS"), and Dr. FNU Webb.

## I. THE COMPLAINT and AMENDED COMPLAINTS

Smith has filed numerous amendments to his original complaint without filing a supporting motion to amend his complaint. (*See* ECF Nos. 19, 21, 22, & 30.) The Court will consider all claims included in the original complaints and amended complaints filed before Smith was granted *in forma pauperis* status.[3] (ECF Nos. 1, 4, & 8.)

In his original complaint, Smith alleges that beginning on August 24, 2014, he has been subjected to verbal abuse, which he mischaracterizes as racial discrimination. (ECF No. 1 at 2.) In his first Amended Complaint, filed September 4, 2014, Smith alleges that the verbal abuse has continued. (ECF No. 4 at 18.) Specifically, Smith alleges that Officer Lockett used profanity, that Officer Greenleaf continuously uses profanity and racially discriminatory words and has refused to help Smith with his medication, and that Officer R.B. Ford called Smith a liar and accused Smith of taking two inmate manuals. (*Id.* at 20, 23 & 27.)

Smith's complaints also contain allegations of excessive force. He alleges that on August 24, 2014, Officer Heard scratched Smith's throat and neck areas with her fingernails breaking the skin. (ECF No. 1 at 2.) Officer Jones struck him on the left side of his head causing loss of eyesight, (*Id*), and Officer Lee instructed Officer Jones to strike him. (ECF No. 1-1 at 10.)

---

[1] The Clerk is directed to change the name of Shelby County District to Shelby County.
[2] The Clerk is directed to correct the spelling of Sheriff Bill Oldham.
[3] Smith has filed additional amendments to his Complaints after he was granted leave to proceed *in forma pauperis* without asking leave of the court or going through proper procedure. The Court therefore strikes the following: Amended Document, ECF No. 19; Amended Document, ECF No. 21; Amended Document, ECF No. 22; and Final Amendment, ECF No. 30.

Smith contends that at 1:30 p.m. Officer Lee ordered Officer Jones to push "the defendant" to the ground when unknown officers pulled Officers Jones off of Smith. (ECF No. 1 at 2.) Smith further alleges that Officers Heard, Lee and Jones denied him the right to eat for seventy-two hours. (*Id*. at 3.) Smith's complaint states that when he was transported from ICS, Officer Boyland cut an open wound on his left hand with his handcuffs. (ECF No. 4 at 22.)

In the grievance forms attached to his original complaint, Smith states that he was refused a phone call to his attorney by Officers Lee Heard and Jones. (ECF No. 1-1 at 7.) In addition Smith alleges that Officer Phillips refused Smith access to the telephone to contact his attorney. (ECF No. 4 at 19.) Smith also claims that he is being refused grievance forms. (*Id*. at 26.)

Smith alleges that he is being denied his medications from CCS, located in Nashville, Tennessee, (*Id*. at 21), and that Defendant Dr. Webb has refused to provide Smith medical treatment. (ECF No. 8 at 49.) Smith contends that Defendants Webb and CCS have conspired to neglect Smith by refusing to provide medical care. (*Id*.) Smith further alleges that Officers Lee Jones and Heard denied him medical treatments for the August 24, 2014 assault. (ECF No. 1 at 4.)

Smith seeks $50 million dollars in damages, a transfer to different jail, and immediate medical treatment. (ECF No. 1 at PageID 5.) Smith also requests a transfer to Federal Custody because he is an informant for FBI Agent Shafer. (ECF No. 13 at PageID 81.)

II. ANALYSIS

A.  Screening and Standard

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge

> does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of *pro se* prisoner suits, the Supreme Court suggested that *pro se* complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in *pro se* suits. *See, e.g., id.* at 521 (holding petitioner to standards of *Conley v. Gibson*); *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.) (duty to be less stringent with *pro se* complaint does not require court to conjure up unplead allegations), *cert. denied*, 464 U.S. 986 (1983); *McDonald v. Hall*, 610 F.2d 16 (1st Cir.1979) (same); *Jarrell v. Tisch*, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981) (even *pro se* litigants must meet some minimum standards).

*Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be

5

overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.

B.  § 1983 Claim

Smith filed his multiple hand-written complaints pursuant to 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

   1.   *Defendant Oldham*

It is clear that Smith sues Defendant Oldham because of his supervisory capacities. Under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Thus, "a plaintiff must

plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). A supervisory official, who is aware of the unconstitutional conduct of his or her subordinates, but fails to act, generally cannot be held liable in his or her individual capacity. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727-28 (6th Cir. 1996). The complaint does not allege that Defendant Oldham, through his own actions, violated Smith's rights.

    2.    *Defendant Shelby County*

The complaint does not assert a valid claim against Shelby County. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Even if it were assumed that the complaint alleged a violation of Smith's constitutional rights, the second issue would be dispositive of Smith's claims against Shelby County.

A local government "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A

municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691-92; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." *Alkire*, 330 F.3d at 815 (quoting *Monell*, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the municipality on notice of the plaintiff's theory of liability, *see, e.g., Fowler v. Campbell*, Civil Action No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); *Yeackering v. Ankrom*, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); *Oliver v. City of Memphis*, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); *cf. Raub*

*v. Corr. Med. Servs., Inc.*, No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); *Cleary v. Cnty. of Macomb*, No. 06-15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); *Morningstar v. City of Detroit*, No. 06-11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); *Chidester v. City of Memphis*, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005). The complaint does not allege that Smith suffered any injury arising from an unconstitutional policy or custom of Shelby County.

   3.   *Defendants Harris and Broadnax*

The complaint contains no factual allegations against Defendants Harris or Broadnax. When a complaint fails to allege any action by a defendant, it necessarily fails to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

   4.   *Defendant CCS*

The complaint does not assert a valid claim against CCS. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)); *see also Parsons v. Caruso*, 491 F. App'x 597, 609 (6th Cir. 2012) (corporation that provides medical care to prisoners can be sued under § 1983). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas*, 55 F. App'x at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001). CCS "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). Instead, to prevail on a § 1983 claim against CCS, Smith "must show that a policy or well-settled custom of

the company was the 'moving force' behind the alleged deprivation" of his rights. *Id.* The complaint does not allege that Smith suffered any injury because of an unconstitutional policy or custom of CCS. Instead, the complaint states conclusory that CCS is declining to provide Smith medical treatment.

5. *Verbal Abuse*

Smith has no claim against Defendants Greenleaf, Lockett, Phillips, Ford, Lee, Heard, and Jones for verbal abuse. Allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987) (holding verbal abuse does not qualify as punishment under the Eighth Amendment). Just as the Constitution "does not mandate comfortable prisons," *Wilson v. Seiter*, 501 U.S. at 298 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349), it does not mandate polite prison guards.

The law is clear that verbal harassment and threats do not violate the Eighth Amendment. *Pasley v. Conerly*, 345 F. App'x 981, 984 ( 6th Cir. 2009); *Jones Bey v. Johnson*, 248 F. App'x 675, 677-78 (6th Cir. 2007) (no Eighth Amendment claim for prison guard's "use of racial slurs and other derogatory language"); *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004) (a guard's verbal threat to sexually assault an inmate "was not punishment that violated [the prisoner's] constitutional rights"); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("harassment and verbal abuse . . . do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Johnson v. Moore*, 7 F. App'x 382, 384 (6th Cir. 2001) ("Allegations of verbal harassment and verbal abuse by prison officials toward an inmate do not constitute punishment within the meaning of the Eighth Amendment. Nor do allegations of verbal harassment rise to the level of unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.") (citation omitted); *Owens v. Johnson*, No. 99-2094, 2000 WL 876766, at

*2 (6th Cir. June 23, 2000) ("The occasional or sporadic use of racial slurs, although unprofessional and reprehensible, does not rise to a level of constitutional magnitude. The petty exchanges of insults between a prisoner and guard do not amount to constitutional torts.") (citation omitted); *Miles v. Tchrozynski*, No. 2:09-CV-11192, 2009 WL 960510, at *1 (E.D. Mich. Apr. 7, 2009) ("Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights.") (citation omitted).

6. *First Amendment Access to the Courts*

The Court construes Smith's claims against Defendants Lee, Heard, Jones, and Phillips for refusal of legal phone calls and insufficient access to grievance forms as court access claims. It is true that a prisoner has the right, protected by the First Amendment, "to petition the Government for a redress of grievances." The scope of this right in relation to prisoners has been enunciated in *Bounds v. Smith*, 430 U.S. 817, 821-22 (1977), and its progeny. According to that body of case law, the scope of this right for prisoners is limited. The Sixth Circuit has held that "a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." "'Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.'" *Thaddeus-X v. Blatte*r, 175 F.3d 378, 391 (6th Cir. 1999)(quoting *Lewis v. Casey*, 518 U.S. 343, 355 (1996)).

In *Lewis*, the United States Supreme Court stated:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.

11

*Lewis v. Casey*, 518 U.S. at 355. The Court declared that no claim exists under *Bounds* without an actual injury. Inmates must have sought "to file nonfrivolous legal claims challenging their convictions or conditions of confinement." *Id.* at 351-53. No actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id. See also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999)("refusal to mail legal documents could not possibly have led to dismiss of [inmate's] three civil cases"). Here, Smith has not demonstrated such interference.

Smith has had more than adequate access to the courts because he has been able to file this lawsuit in the United States District Court for the Western District of Tennessee. Thus, he has not suffered any actual interference with his right of access to the courts.

    7.    *Eight Amendment Claim for Denial of Medical Treatment*

The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298; *Williams v. Curtin*, 633 F.3d at 383; *Mingus v. Butler,* 591 F.3d 474, 479-80 (6th Cir. 2010). The objective component requires that the deprivation be "sufficiently serious." *Farmer*, 511 U.S. at 834; *Hudson*, 503 U.S. at 8; *Wilson*, 501 U.S. at 298.

Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,'. . . proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Estelle*, 429 U.S. at 105. "In order to state a cognizable claim, a prisoner must allege acts or omissions

sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.*, 429 U.S. at 106.

Within the context of *Estelle* claims, the objective component requires that the medical need be sufficiently serious. *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). "A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980)(quoting *Laaman v. Helgemoe*, 437 F. Supp. 269, 311 (D.N.H. 1977)).

To make out a claim of an Eighth Amendment *Estelle* violation, a prisoner must plead facts showing that "prison authorities have denied reasonable requests for medical treatment in the face of an obvious need for such attention where the inmate is thereby exposed to undue suffering or the threat of tangible residual injury." *Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). The Court clarified the meaning of deliberate indifference in *Farmer v. Brennan*, as the reckless disregard of a substantial risk of serious harm; mere negligence will not suffice. *Id.* 511 U.S. at 835-36. Consequently, allegations of medical malpractice or negligent diagnosis and treatment fail to state an Eighth Amendment claim of cruel and unusual punishment. *See Estelle*, 429 U.S. at 106. Smith claims that his vision has been impaired, but he does not provide evidence that Defendants were aware of the condition nor does it seem to have any ill-effect on his ability to write. Additionally, Smith makes no claim that he sought treatment for this injury from Defendant. Webb, but rather asked for medications for depression and anxiety. Smith's conclusory statements that he is being denied medical care do not rise to the level of deliberate indifference.

8. *Eighth Amendment Cruel and Unusual Punishment Claim*

The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (internal quotation marks omitted). The Supreme Court has applied this standard to use of force by prison officials, explaining that "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Id*. at 320-21 (citation omitted); *see also Hudson v. McMillian*, 503 U.S. at 6-7. In *Hudson*, 503 U.S. at 7-9, the Supreme Court held that a significant physical injury is not required to establish the objective component of an Eighth Amendment claim. However, the Supreme Court made clear that trivial physical contact does not violate the Eighth Amendment:

> That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action. *See Johnson v. Glick*, 481 F.2d [1028,] 1033 [(2d Cir. 1973)] ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chamber, violates a prisoner's constitutional rights"). The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind." *Whitley*, 475 U.S., at 327 . . . (quoting *Estelle*, supra, 429 U.S., at 106 . . . (internal quotation marks omitted).

*Id.* at 9-10.

Applying *Hudson*, the Sixth Circuit held that prison guards' use of de minimis force to return an inmate to his cell did not violate the Eighth Amendment. *Johnson v. Coolman*, 102 F. App'x 460, 461 (6th Cir. 2004). The defendants in Johnson were alleged to have "pushed [the prisoner] into his cell, pulled hard on the security strap attached to his handcuffs, hurting his wrists, and then, while removing his cuffs, attempted to bend his thumb back." Id.; *see also Tate*

*v. Campbell*, 85 F. App'x 413, 417 (6th Cir. 2003) (refusal to allow prison on diuretic medication to use restroom for three hours, while allowing other prisoners to do so, "does not rise past the level of a de minimis injury," and the Eighth Amendment is not violated by "mere feelings of discomfort associated with 'having a full bladder'"); *Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (no Eighth Amendment violation for strip search in absence of any physical injury); *Grissom v. Davis*, 55 F. App'x 756, 757-58 (6th Cir. 2003) (seven-day "mattress restriction," resulting in an aching body, not violative of Eighth Amendment); *Owens v. Johnson*, No. 99-2094, 2000 WL 876766, at *2 (6th Cir. June 23, 2000) ("de minimis injuries suggest de minimis use of force by defendants"); accord *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997) (bruised ear a de minimis injury insufficient to support an Eighth Amendment claim).

The allegations against Defendant Boyland for injuring Smith's wrists during transportation are insufficient to find that the actions were performed for the purpose of inflicting pain. Therefore, the claims against Defendant Boyland do not amount to cruel and usual punishment.

For purposes of screening, Smith has alleged a plausible claim for violation of the Eighth Amendment against Defendants Heard, Lee, and Jones.

C.   Motion for Determination of Case Status

On September 16, 2014, Smith filed two motions seeking the status of his case. (ECF Nos. 14 & 15.) Smith will receive a copy of this order dismissing certain of his claims and issuing service on others. Accordingly, the motions for determination of status are moot and are denied.

III.   CONCLUSION

Smith's complaint is subject to a partial dismissal for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) against Defendants Shelby County, Sheriff Bill Oldham, Officers First Name Unknown ("FNU") Lockett, FNU Greenleaf, FNU Boyland, FNU Broadnax, R.B. Ford, FNU Phillips, FNU Broadnax, Sgt. Harris, Correct Care Solutions, and Dr. FNU Webb. Smith's claims for verbal abuse, denial of access to the courts, and denial of medical care are subject to dismissal.

Service will issue on Smith's Eighth Amendment claim against Defendants Heard, Lee, and Jones for the use of excessive force. It is ORDERED that the Clerk shall issue process for Defendants Heard, Lee, and Jones and deliver that process to the marshal for service. Service shall be made on Defendants Heard, Lee, and Jones pursuant to Federal Rule of Civil Procedure 4(e) and Tennessee Rules of Civil Procedure 4.04(1) & (10), either by mail or personally if mail service is not effective. All costs of service shall by advanced by the United States.

It is further ORDERED that Smith shall serve a copy of every document filed in the cause on the attorneys for Defendants Heard, Lee, and Jones or on any unrepresented defendant. Smith shall make a certificate of service on every document filed. Smith shall familiarize himself with Federal Rules of Civil Procedure and this Court's local rules.[4]

Smith shall promptly notify the Clerk of any change of address or extended absence. Failure to comply with these requirements, or any other order of the Court may result in the dismissal of this case without further notice.

IT IS SO ORDERED this 9th day of September 2015.

---

[4] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the Court's website at www.tnwd.courts.gov/pdf/content/LocalRules.pdf.

      **s/James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE